## Cunningham's Administrator v. Central Kentucky Traction Company.

(Decided November 21, 1913).

### Appeal from Franklin Circuit Court.

Railroads—Interurban Railroads—Passengers—Negligence — Personal Injuries.—A passenger on a summer car which has a foot board running along the side of it, who unnecessarily leaves his seat and gets upon the foot board for the purpose of changing his seat as the car is passing over a bridge, the girders of which are near the track, cannot recover for his injuries from being struck by the girder, he being familiar with the condition of things at the bridge.

O'REAR & WILLIAMS for appellant.

HAZELRIGG & HAZELRIGG, G. H. BRIGGS, STOLL & BUSH and WALLACE MUIR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Robert Cunningham was a passenger on one of the summer cars of the Central Kentucky Traction Company, and was killed as the car was going north on the bridge over the Kentucky River in Frankfort. The seats in the care ran entirely across it, the front seat having its back toward the front of the car. There was a running board on each side of the car which was used by the passengers in getting on and off, and if a passenger after getting on the car wished to change his seat to another part of the car, the only way to do this was to get out on the running board and walk along the side of the car. Cunningham got on the car several squares south of the bridge, and was sitting on the front seat with his back to the motorman. It was just after dark, but the car was lighted. The track of the railroad company on the bridge is laid on one side of the bridge, so that the rail nearest to the girders of the bridge is about three feet from them, and the running board of the car according to one witness is twenty inches from the girders as it passes along; and according to another witness twelve inches. When the car reached the bridge Cunningham, with a view to changing his seat, took hold of the bar or handrail at the side of the car and swung himself out. As he did this he struck the girder of the bridge which knocked him down and he was killed. This is the statement of the occurrence by a witness who was on the car and looking at him. Another witness gives a slightly different version of the cause of the trouble, but on cross-examination he says he wasn't then paying attention to him particularly; and taking his evidence as a whole we conclude that the accident occurred as above stated. Cunningham rode on the cars frequently; he lived in Frankfort, and was well acquainted with the bridge and conditions there. The car was not crowded; he was the only person sitting on the front seat. The cars were furnished with a bar which could be let down on either side, running lengthwise of the car; and when this bar was down passengers would have to get on and off the car on the other side or creep under the bar. The bars had sometimes been used by the motormen when they were going over the bridge, being placed on the side of the car next to the girders, and had also sometimes been used by the motormen when they went out to the park, and were then placed on the side of the car next to the hill, but some days before Cunningham was hurt, the use of the bars had been discontinued and they have not been used since. This suit was brought

against the company to recover for Cunningham's death; and on the conclusion of the proof for the plaintiff which showed the facts we have stated, the court instructed the jury peremptorily to find for the defendant, and the plaintiff's petition having been dismissed, he appeals.

In L. & N. R. R. Co. v. Sickings, 5 Bush, 1, the plaintiff was a passenger in a railroad car sitting with his arm resting on the windowsill, and his elbow protruding out of the window; while in this position it came in contact with a standard, severely injuring him. The court held that the passenger in allowing his elbow to stick out of the window took the risk, and that he could not recover. While there is some conflict of authority on the question, that opinion has stood as the law of this State since it was delivered. (Clark's Admr. v. L. & N. R. R. Co., 101 Ky., 34; So. Covington Street R. R. Co. v. McCleave, 18 R., 1036.) There is some conflict of authority as to a passenger on a street car who for no good reason gets outside of the car while it is in motion. In Coleman v. Second Ave. R. R. Co., 114 N. Y., 612, the court said:

"The seats in railroad cars are provided for passengers to occupy. If without reasonable cause they leave the car and place themselves on the outside of it when in motion, they assume the hazards of so doing."

To same effect see Bradley v. Second Ave. R. R. Co., 90 Hun., 421; Bridges v. Jackson Electric Light Co., 86 Miss., 583; Gilly v. New Orleans Railroad Co., 21 So., 850; Sharkey v. Lake R. R. Co., 84 Md., 169; West Chicago R. R. Co. v. Marks, 182 Ill., 15; Cummings v. Worcester R. R. Co., 166 Mass., 223; Rice v. Philadelphia Rapid Transit Co., 112 Am. St. R., 738; Interurban Railway Co. v. Hancock, 116 Am. St. R., 710; Oliver v. Fort Smith Light Co., 131 Am. St. R., 86, and notes; Goodfellow v. Detroit R. Co., 20 L. R. A. (n. s.), 1123, and notes, 6 Cyc., 651-652.

While there is a conflict in the authorities on the subject we conclude that the rule above laid down is sound and should be applied here. There was no necessity for Cunningham to change his seat; there was plenty of room on the car. The street railway is simply laid in the street, the bridge being a part of the street and the track being laid on the bridge as a part of the street, the street car company not owning the bridge and having no control over it. If the car had been crowded or there had been any necessity for Cunningham to change his seat and he had not known the danger or if he had been unable to get a seat, and was for this reason standing

on the running board and the company had accepted him as a passenger in this position, a different question would be presented. But he was in the car and the motorman had no reason to anticipate that he would leave the car and place himself in danger. Without notice to any one he suddenly swung himself out of the car just as the car was increasing its speed to go up the incline of the bridge; and the unfortunate occurence was simply an accident due to his placing himself outside of the car unnecessarily.

Judgment affirmed.