# Southern Railway Company in Kentucky v. Neal.

## (Decided April 14, 1915.)

## Appeal from Mercer Circuit Court.

1. Carriers—Injury to Passenger—Contributory Negligence.—A passenger who crosses the aisle of a standing car for the purpose of taking a seat, with knowledge that other cars about thirty feet distant are rapidly approaching for the purpose of making a coupling, is not guilty of contributory negligence as a matter of law, in view of the fact that he has a right to assume and to act on the assumption that the coupling will be made with proper care.

2. Carriers—Injury to Passenger—Unusual and Unnecessary Violent Jerk.—In an action by a passenger for damages for personal injuries, based on an unusual, unnecessary and violent jerk of the train, evidence examined and held sufficient to take the case to the jury and sustain a verdict in his favor.

ALEXANDER P. HUMPHREY, E. H. GAITHER and E. P. HUMPHREY for appellant.

ROBERT HARDING, W. M. STEPHENSON, E. V. PURYEAR and E. M. HARDIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries plaintiff, James L. Neal, recovered a verdict and judgment for $1,000.00 against the defendant, Southern Railway Company in Kentucky. The Southern Railway Company appeals.

The facts are these: Plaintiff, who resided in Mercer County, had passed his eightieth year. A cataract had grown over one of his eyes. On July 22nd, 1912, he went to Lexington for the purpose of having his eye treated. After spending the day in Lexington he went to defendant's station some time before the departure of his train for Harrodsburg. The train was to leave the station from a track just north of the depot building. Plaintiff entered the last coach and walked through the car to the north end. He placed his valise on the last seat on the west side. This seat runs lengthwise with the car. He then sat down on the first seat running across the car on the east side. Shortly before the departure of the train he moved across the car for the purpose of getting on the shady side. According to his statement, he was standing with his back to the front

door and was feeling for the arm of the seat on the west side when a coupling was made with such force that he was thrown some four or five feet and severely injured. He says that the coupling caused a tremendous or terrible jar. Mr. Hedden, a witness for the defendant, speaks of it as a heavy jar. The same witness, on being asked if it was not an unusual and severe jolt, replied that it was. According to the evidence for defendant, the coupling was an unusually light one. Several employees of the company and three or four passengers so testified. Certain passengers also testified that the accident was caused, not by the jar or jerk of the train, but by the fact that plaintiff attempted to sit down where there was no seat.

In view of the fact that plaintiff testified on cross-examination that he knew the coupling was about to be made, and that the rear coach approaching the coach he was in was coming back rapidly and was only thirty feet away when he attempted to cross to the other side of the car, it is insisted that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff, however, says that he expected the approaching car to slow up before it came in contact with the coach. It was the duty of those in charge of the approaching car to exercise for plaintiff's safety the highest degree of care usually exercised by ordinarily prudent persons under like or similar circumstances. Plaintiff had the right to assume and to act on the assumption that the servants of the company would discharge their duty. It was the duty of plaintiff to exercise ordinary care to guard against such shock as was the natural and probable consequence of coupling the cars with proper care. The law did not require him to anticipate that the jar incident to the coupling would be an unusual, unnecessary and violent one. The question presented is, was his position such as to render likely an injury if the coupling were made with the proper care, or was it perilous only in the event, not to be anticipated, of an unusual, unnecessary and violent jerk of the car. The question being one about which ordinarily prudent men might reasonably differ, was properly left to the determination of the jury. Tillett v. Norfolk, etc., R. Co., 118 N. C., 1031, 24 S. E., 111; Harden v. Chicago, etc., R. Co., 102 Wis., 213, 78 N. W., 424.

The evidence on the question whether or not the jar was such as ordinarily attends the prudent operation of a train under similar circumstances, or was an unusual, unnecessary and violent one was sufficient, we think, to take the case to the jury and sustain its finding in favor of plaintiff.

Judgment affirmed.