## Consolidation Coal Company v. Spradlin.

(Decided January 16, 1917.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error—Instruction on Contributory Negligence—Refusal to Give.—While it is not always reversible error to refuse to include in the instruction on contributory negligence the particular facts constituting the defense, it is now the established rule in this state to give instructions presenting in specific and concrete form each party's theory of the case, and the failure to do so is reversible error, whenever it is left to the jury to decide whether or not the facts proven by the defense constitute contributory negligence.

2. Master and Servant—Appeal and Error—Instruction.—The instruction given for the plaintiff having authorized a recovery, if at the time of injury he was subject to the orders of his superior in keeping the place safe as the work progressed, it was error to refuse to present in the instructions the "obvious danger" qualification.

O'REAR & WILLIAMS and FOGG & KIRK for appellant.

JOHN W. WHEELER and C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On the Friday before the Tuesday upon which the accident complained of happened, appellee, who had had two years' experience in such work, began work with his brother-in-law, Blackburn, upon a contract theretofore made with appellant, to construct a break-through between two air passages in a coal mine. Their duties were to cut, shoot down and load out the coal in the break-through, which was about three and one-half feet high, about nine feet wide, and the distance between the air passages was twenty-five or thirty feet. A breast machine was used in making the cuts across the face of the coal, which made a cut about four and one-half feet deep. Two such cuts had been made by other parties, and the coal shot down and removed, when appellee and Blackburn began work, so that about

nine feet of the break-through had already been constructed. Appellee and Blackburn had made one such cut across the face of the coal, shot down and removed the coal, and had made a second cut, shot down the coal, and were engaged in removing same when, while appellee was loosening the coal with a pinch bar at the face, a large piece of slate fell from the roof, some three or three and one-half feet back from the face, which struck and broke one of appellee's legs, as a result of which he was confined in a hospital for a time, and the broken leg has been left about an inch and one-half shorter than his other leg, and continues to give him pain and interfere with his work. To recover for these injuries, alleging that they resulted from the negligence of appellant in failing to furnish and maintain a reasonably safe place in which for him to do his work, appellee filed this action and recovered a judgment against appellant for one thousand dollars; and appellant has appealed from that judgment, basing its right to a reversal upon the sole ground that the trial court erred in refusing its offered instruction upon the question of contributory negligence.

As the slate which struck appellee and inflicted his injuries fell from the roof about three feet from the face of the coal, and as appellee had extended the break-through by the two cuts of four and one-half feet each, or about nine feet in all, it is apparent that the slate fell from that part of the roof which had been exposed by appellee's work, and was a result of a failure to keep the place safe during the progress of the work, rather than from a failure of appellant to make the place safe in the beginning. An issue was made in both the pleadings and the proof as to whose duty it was to keep the place safe as the work progressed. Ordinarily that duty, in such work, is upon the employee who shoots down and loads the coal, but, to avoid that consequence for his work in this instance, appellee alleged, and offered proof in support thereof, that, by the contract under which he was working, appellant had assumed that duty, and that, in doing such work as was reasonably necessary to keep the place in a reasonably safe condition, he was working under the orders of the mine boss. This theory of the case was presented to the jury by instruction No. 1, which stated, concretely, appellee's right to recover.

The instruction given upon contributory negligence, which was appellant's only affirmative defense, does not state in concrete form the acts of appellee, shown in the evidence, which would constitute contributory negligence, but defines same only in general terms, and authorizes a finding for appellant, even though negligent, "If the jury shall further believe from the evidence that plaintiff, Spradlin, could, by the exercise of ordinary care, on his part, have avoided the injury to himself, and that he failed to use such care." The evidence shows that, the day before, and again, about an hour before the accident, appellee reported to the mine boss, Jerry Hager, that he was afraid the roof where he was working was going to get bad, and asked permission to shoot it down; but he did not, upon either occasion, represent or claim that the roof was bad or in a dangerous condition, but only that he thought it would get bad. As to the answer of the bank boss to appellee, upon these occasions, there is a conflict in the evidence. Appellee states the bank boss refused to allow him to shoot down the roof, and told him to go on with his work, and that, if the roof does get bad, "we will shoot it down." This evidence authorized the jury to believe that, in doing such work as was necessary to keep the place safe, appellee was working under the orders of his superior, who refused to permit him to shoot down the roof and directed him to go on with the work, with the promise that "we will shoot it down if it gets bad," and that appellee was thereby relieved of any duty of inspection or to shoot down the roof, even when it got bad, and made out his case under instruction No. 1, which presented his theory; and the jury may have assumed that he had exercised ordinary care for his own safety, in reporting to the boss the opinion that the roof would get bad.

The evidence of the bank boss, Hager, and the mine superintendent, who was present at the conversation, which took place about an hour before the accident, is that, when appellee reported that the roof would get bad, Hager told him that he did not want to shoot the roof down, unless it was necessary, but if it did get bad, to go ahead and shoot it down. In this version of the conversation he is partially corroborated by Blackburn, appellee's brother-in-law and companion in the work. This evidence, if true, gave to appellee, who

claimed to be working under orders of Hager in keeping the place safe, not only authority, but directions to shoot down the roof, whenever, in his judgment, it became necessary, and put upon him the duty of inspection to ascertain its condition, as the work progressed, under which state of case he was, manifestly, guilty of contributory negligence, if he failed to obey these instructions of the mine boss. Under this proof we think the jury should have been instructed to the effect that, if they believed Hager told appellee to shoot down the roof, whenever it became necessary, and that he failed to comply with these instructions, and by reason thereof, was injured, they should find for the defendant; and that the refusal to give such an instruction, concretely stating the defense thus presented, is reversible error.

While it is not always reversible error to refuse to include in the instruction on contributory negligence the particular facts constituting the defense, it is now the established rule, in this state, to give instructions presenting, in specific and concrete form, each party's theory of the case, and the failure to do so is reversible error, whenever it is left to the jury to decide whether or not the facts proven by the defendant as his defense constitute contributory negligence, which is, of course, a question of law for the court and not for the jury, and such is the case here. L. & N. R. R. Co. v. King's Admr., 131 Ky. 347; I. C. R. Co. v. Dallas' Admx., 150 Ky. 442; Peerless Coal Co. v. Copenhaver, 165 Ky. 195; L. & N. R. R. Co. v. Shoemake's Admr., 161 Ky. 746; L. & N. R. R. Co. v. Crutcher, 135 Ky. 381; Jellico Coal Mining Co. v. Lee, 151 Ky. 53; Pack v. Camden Interstate Ry. Co., 154 Ky. 535.

And it was also error for the court to refuse to submit to the jury the proposition that, if the place was unsafe and dangerous, without shooting down the roof, and such danger was so imminent and obvious that an ordinarily prudent man would not have worked thereunder, without shooting it down, they should find for the defendant, which proposition was also incorporated in the offered instruction and not present in any instruction given. North East Coal Co. v. Setzer, 169 Ky. 245; Concannon's Admx. v. Strassel Paint & Roofing Co., 167 Ky. 141.

For the reasons stated above the judgment is reversed for proceedings conforming to this opinion.