## Chicago, Memphis & Gulf Railroad Company v. Stahr.

(Decided May 9, 1919.)

### Appeal from Fulton Circuit Court.

1. Appeal and Error—Instructions.—An instruction defining plaintiff's right to recover for a breach of contract to construct and maintain ditches, held to place upon the defendant a larger obligation than provided by the contract, and that giving it over defendant's objection was reversible error.

2. Trial—Measure of Damages—Instructions.—An instruction on the measure of damages which is susceptible of a construction permitting a recovery for both damages to crops and loss of use of the same land for the same years, held to be erroneous.

3. Appeal and Error—Instructions.—The refusal to give an instruction presenting an affirmative defense, pleaded and sustained by evidence, was error.

4. Appeal and Error—Instructions.—The giving of an instruction upon motion of defendant correctly defining its contract liability held not to have cured error in other and inconsistent instruction or the error in refusing to present affirmative defense supported by evidence.

TRABUE, DOOLAN, HELM & HELM and B. T. DAVIS for appellant.

HESTER & HESTER, R. O. HESTER and W. H. HESTER for appellee.

·OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a verdict and judgment for $980.00 awarded appellee as damages for a breach of contract. As grounds for reversal it is urged (1) that the court by instructions given over defendant's objection and exception, enlarged the terms of the contract and also authorized double damages for a breach thereof, (2) that the court erred in refusing to give tendered instructions presenting the defendant's affirmative defense, and (3) that the verdict is excessive and flagrantly against the evidence.

The contract sued on is contained in a deed by which the plaintiff conveyed to the defendant a right of way 80 feet in width through his farm, and also a strip of land 10 feet wide running from the west end of the right of way strip and almost at right angles thereto, along plaintiff's western boundary line ''to the lowest point on the surface, for the purpose of a ditch to be opened immediately upon the construction of said railroad, for the water from the ditches on either side of the railroad and the Chicago, Memphis and Gulf Railroad Company and its assigns to keep and maintain the ditches on either side of said railroad and the ditch on the west line open and in good repair to the level of the lowest point of the surface on said line and the said Stephen Stahr and his heirs and assigns to have the right if they so desire to lead tile into the ditches on either side of said railroad and into the ditch on the west line at such points as may be desired.''

In instruction No. 1 given by the court, the defendant's obligation under the contract was stated to be to construct and maintain ditches upon either side of its railroad track and therefrom over the latteral strip of land ''as deep as the lowest point on said land lines of sufficient width to carry said water from said land, as would reasonably be expected to fall in said vicinity,'' and a verdict was authorized for the plaintiff for any injury to his crops or loss of the use of the land he was prevented from cultivating in the years 1913, 1915 and 1916, as the jury believed from the evidence resulted from overflow or water remaining on his land longer than it otherwise would have done ''from rainfall in said vicinity.''

1. This instruction placed upon the defendant the obligation to construct and maintain these ditches so as

to carry off rainfall in "said vicinity," which was not defined, and which the jury may have concluded meant the whole or any part of plaintiff's farm, and which possibly would not have been error had plaintiff tiled all of his land to the ditches as he had the right to do, but as plaintiff had not tiled any of his land to these ditches, he could not recover for any damage to his crops or loss of the use of his land from water standing thereon, except for such water as would have flowed off naturally and without tiles through the ditches, if properly constructed and maintained by the defendant; and in authorizing, as this instruction does, a recovery for all damages that resulted from a failure of the defendant to construct and maintain ditches of sufficient width and depth to carry off the rainfall "reasonably expected in that vicinity," the court placed upon defendant the liability not only for any failure upon its part to perform its contract, but also the consequence of plaintiff's failure to lead tiles into the ditches for the drainage of his land. Manifestly this was an extension of defendant's contract liability and clearly a reversible error.

2. As urged by counsel for appellant, instruction No. 3 defining the measure of damages, if literally construed, seems to warrant double damages by authorizing allowance for any damage to crops and the loss of the use of the same land for each of the three years, which of course was not intended, and probably not so understood by the jury, but this instruction should be corrected upon another trial, so as to make it clear that the measure of damages applicable only to such of the land as was in cultivation was the difference between what was raised and what could have been produced thereon if there had been no breach of contract by the defendant, while for so much of the land as plaintiff was prevented from cultivating, if any, the measure of damages was its rental value for such time as plaintiff was prevented from using it.

3. Defendant by a separate paragraph of its answer, pleaded that the damage done to plaintiff's growing crops in the several years complained of, was caused not by any breach of its contract, but by water backing up through the ditches and on to plaintiff's land from a depression called Ross' Pond into which the ditches which defendant was required to construct discharged such water as accumulated therein, and as there was some evi-

dence to sustain this plea, it was error upon the part of the court to refuse to submit this theory of the case, since if as contended by the defendant the damage to plaintiff's crops or any part thereof, resulted from the absence of drainage from Ross' Pond, for which the defendant was in no wise responsible, plaintiff obviously was not entitled to recover such damage from the defendant, and as this affirmative defense was presented by both pleadings and evidence it should have been submitted to the jury by proper instruction, whether or not the instruction offered by defendant upon the question was correct in form. Hobson on Instructions, Sec. 13; Cumberland R. R. Co. v. Girdner, 174 Ky. 761; Consolidation Coal Co. v. Spradlin, 173 Ky. 229; L. & N. R. Co. v. King's Admr., 131 Ky. 347.

It is insisted by counsel for appellee that the errors if any in instruction No. 1 given and the error if any in refusing to give instruction "Z" offered by defendant presenting its affirmative defense, were cured by instructions "X" and "Y" given upon defendant's motion, which directed a verdict for the defendant, if the jury believed it had constructed and maintained ditches on each side of the railroad, and the ditch on the west property line to the lowest point on the surface of said line with proper opening under the track connecting the several ditches, and that the judgment must be affirmed under the rule that instructions will be considered as a whole and unless prejudicial when so considered, a reversal will not be ordered even though some of the instructions are not technically correct. But we are sure that the rule has no application here, since we do not think the instructions "X" and "Y" cured the error in No. 1, and we are sure none of the instructions given even suggested to the jury the affirmative defense presented by defendant.

Since another trial will be necessary, we do not now pass upon the question of whether or not the verdict is excessive. For the reasons indicated, the judgment is reversed and the cause remanded for another trial consistent herewith.