# Chadwick v. Louisville & Nashville Railroad Company.

(Decided March 26, 1926.)

## Appeal from Bullitt Circuit Court.

1. Carriers.—Passenger whose arm was injured by falling window in railroad car must show carrier's negligence to recover.

2. Carriers—Carrier Must Explain Injury to Passenger when Caused by Something Entirely Within its Control.—Carrier of passengers is required to explain injury when thing causing injury is entirely within its control and in ordinary course of things would not have happened if due care had been exercised.

3. Evidence.—It is common knowledge that window in passenger train is often raised and lowered by passengers, acting independently of carrier and its servants.

4. Carriers—Doctrine of Res Ipsa Loquitur Held Inapplicable where Passenger's Arm was Injured by Falling Window in Train.—Doctrine of res ipsa loquitur held inapplicable, where passenger's arm was injured by falling window in passenger coach, such window not being under exclusive control and management of carrier.

5. Carriers—Passenger Cannot Recover for Injury to Arm Resulting from Falling Window in Train, Not Proved to be Defective.—Passenger whose arm was injured from falling window in train cannot recover of carrier, where window was shown not to be defective, and it was not shown who raised window, and it was proven that windows were frequently raised by persons not connected with the train.

6. Carriers.—Carriers need not inspect window of passenger coach when raised to see that it is at proper height, or to see that windows are not raised by passengers when ventilation of car is required.

L. C. YEAST and BEN CHAPEZE for appellant.

WOODWARD, WARFIELD & HOBSON, J. F. COMBS and A. M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Rena Chadwick, sued the railroad company to recover damages for injury to her arm caused by the falling of a window sash thereon while she was a passenger on one of its regular passenger trains from Louisville towards Lebanon Junction in July, 1924. At the conclusion of all the evidence the court sustained a motion for a directed verdict in favor of the railroad company, and Mrs. Chadwick appeals.

That she was a regular passenger at the time of her injury is admitted, as is also her injury, but the railroad company contends that the injury was slight and that she failed to show negligence upon its part and that the facts of the case did not bring it within the operation of *res ipsa loquitur,* and she has no cause of action. As a motion for a peremptory instruction is but a demurrer to the sufficiency of the plaintiff's evidence to carry the case to

the jury, it will only be necessary to review the evidence introduced for her to determine the whole' question. She proved that she purchased a ticket at the depot in Louisville entitling her to passage on the particular train which she boarded at Louisville, from Louisville to Lebanon Junction on the day in question, and that she took her seat in a regular passenger coach near a window. The weather was warm and the window was up when she sat down. Who raised the window is not shown in the evidence for the plaintiff, but the company undertook to prove that appellant raised the window, though she denies this and says that the window was open when she took her seat and that she did not touch the sash until it fell on her and caused the injury of which she now complains. Neither she nor any witness for her attempts to account for the fall of the sash. Her evidence only goes to the establishment of the fact that the sash did fall on her arm and injure it while she was a regular passenger upon the train. She did not prove or offer to prove that the agents or servants of the railroad company in charge of the train raised the window or knew that it was up before the accident.

For the company is was proven that it was customary for passengers on the train to raise and lower the sash and that there were a number of passengers on the train on the day of the accident; that no servant of the company had raised the window. In addition to the foregoing the company proved by several witnesses that immediately upon the happening of the accident the sash which fell together with its lock was examined and found to be in perfect condition; that there was no defect in the sash, frame, lock or equipment. The question, therefore, is whether the doctrine of *res ipsa loquitur* has application to the facts of this case. The railroad company says it has not, while counsel for Mrs. Chadwick insists that the injury happened through the falling of the window, an instrumentality wholly under the control of the company, and which ordinarily does not fall unless there is a defect either in the sash or in the lock or appliances which support it, and that a passenger is not required to look into the mechanism of the sash and lock to determine whether they are safe, the same being under the special care and supervision of the company, and the rule does apply. The railroad company says that the rule does not apply except where the thing which causes

the injury is shown to be under the exclusive management of the carrier and the accident is such as in the ordinary course of things does not happen if those who have the management of it used proper care, and that the evidence here shows that the railroad company did not have exclusive management or control over the sash and equipment of the window, but on the contrary passengers are constantly raising and lowering the sash, and that inasmuch as the evidence for the plaintiff did not show that the agents of the railroad company had raised the sash which later fell on the plaintiff, her cause must fail; that the doctrine of *res ipsa loquitur* is inapplicable where the evidence conclusively shows that there was no defect in the window or in the proper movement of the train, and there was no evidence that the window was raised by one of the company's servants.

After considering the evidence and the several questions made by appellant we have reached the conclusion that the holding of the trial court is correct for two reasons, (a) the window sash which fell was not under the exclusive management and control of the defendant company, and (b) the sash, frame and appliances of the window were affirmatively shown to be in perfect condition and no defect was shown to exist in the window sash or equipment that supports it when raised. In cases like this the plaintiff's right of action is based upon negligence and negligence must be shown to authorize a recovery, and the doctrine of *res ipsa loquitur* is not only consistent with this rule but is based upon it. It is not unreasonable to require a carrier of passengers to explain an injury to a passenger when the thing causing his injury is entirely within his control and in the ordinary course of things no accident would have resulted if due care had been exercised, and when such an accident is unexplained by the company courts are authorized to find negligence from the evidence showing that the thing causing the injury is entirely within the control of the company or carrier and that no accident would ordinarily result if due care were exercised, leaving to the carrier, to whom it must be presumed the facts are all well known, the explanation. But this rule does not apply when the thing causing the accident is not under the exclusive control and management of the carrier. The exception is well illustrated by the facts of this case. It is common knowledge that window sash in a passenger coach are

often raised and lowered by passengers acting entirely independently of the company and its servants in charge of the train, and are, therefore, not under the exclusive control and management of the carrier, and the doctrine of *res ipsa loquitur* is inapplicable for this reason. 3rd Thompson's Negligence, section 2754, secs. 2754-2762; 4 Wigmore on Evidence, section 2509; Penna. R. R. Co. v. McKinney, 2 L. R. A. 820; Barmossky v. Helton (Mich.), 15 L. R. A. 33; L. & N. R. R. v. Mink, 168 Ky. 394.

The second proposition is as plain as the first. If no defect is shown in the window or its fastenings and the evidence for the carrier affirmatievly shows beyond peradventure that there was no such defect, then there can be no recovery, if the train or car was being properly operated and there was no jerk or other movement of the train or car calculated to cause the window to fall. Of course the carrier is liable where it is shown that he or his agent raised the window which later fell and injured a passenger in the absence of a showing of some culpable fact or circumstances against the passenger, but where it is not shown who raised the sash, as in this case, and it is proven that the sash were frequently raised by passengers and other persons not connected with the control of the train, no presumption of negligence can arise as under the doctrine *res ipsa loquitur*. This rule is based upon sound reasoning, for the window is designed to be opened and shut by passengers at their convenience, the carrier not being required to inspect the window when raised to see that it is at the proper height, or to keep a lookout to see that windows are not raised by passengers when the weather and conditions are such as require ventilation of the car. Strembel v. Brooklyn R. R. Co., 110 App. Div. 96, N. Y. St. 903. The facts in the case of C. N. O. & T. P. Ry. Co. v. Lorton, 110 S W. 857, are distinguishable from the facts before us in that there was no evidence in the Lorton case proving or tending to prove that the sash and its fixtures were in good condition, but on the contrary there was evidence by trainmen to the effect that the sash lock was defective and that the sash would not stay up. In that action the railroad company relied upon the contributory negligence of Mrs. Lorton who, it claimed, had been warned by its agents not to place her hand on the window sill because the sash was likely to fall and that the sash had twice

fallen in her presence before it fell on her hand.    There we said:

> "It is the duty of the railroad company to keep and maintain its passenger coaches, including the windows and doors, in a reasonably safe condition for the safety, convenience and comfort of its passengers, and the failure upon its part to discharge this duty renders it liable in damages to any passenger who suffered injury as the direct result of such failure, unless the passenger is guilty of such negligence as will defeat recovery."

See 10 C. J. 965-6.

Perceiving no error to the prejudice of appellant's substantial rights, the judgment is affirmed.

Judgment affirmed.