## York v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided December 3, 1926.)

### Appeal from Pulaski Circuit Court.

Carriers—Passenger Whose Elbow was Injured by Falling Window in Railroad Car Cannot Recover, in Absence of Showing of Negligence of Railroad.—Railroad held not liable for injuries to passenger resulting from window in railroad car falling on elbow, in absence of showing of negligence by railroad, doctrine of res ipsa loquitur being inapplicable since adjustment of window sash is not under exclusive control of carrier.

WM. M. CATRON for appellant.

WM. WADDLE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action for personal injuries the court at the conclusion of the evidence of the appellant, who was the plaintiff below, peremptorily instructed the jury to find for the appellee, and from the judgment entered on the verdict found in accordance with such instruction, the appellant brings this appeal.

The appellant was a passenger on one of the appellee's trains running from Somerset, Kentucky, to Alpine, Kentucky, and was hurt by a window sash falling on his arm. The only testimony found in this record as to how the accident happened is that of the appellant himself, and all that he had to say about this matter was:

"I got on No. 15 at the depot and I had a ticket for Alpine, and when I got down here between here and Burnside, about No. 3 tunnel, the window fell on me before we got out of the tunnel. I had my elbow resting on the window sill about like that. It caught me on the joint. The window fell and hurt my elbow."

The appellant argues that on this testimony, and under the doctrine of *res ipsa loquitur*, he was entitled to a submission of his case to the jury, it being his contention that since the coach in which he was riding and the window sash which fell on his arm were under the exclusive control of the appellee, and since window sash, if

in good order and properly fastened, do not fall, there arose a presumption of negligence which called for a showing on the part of the carrier that the fall of the window sash was not due to any negligence on its part. Appellant's argument is completely answered in the like case of Chadwick v. L. & N. R. Co., 213 Ky. 831, 281 S. W. 1018, where we held that a peremptory instruction given by the trial court in a case practically on all fours with this one had been properly given for two reasons, one of which was that the adjustment of the window sash which fell was not shown by the plaintiff to be under the exclusive management and control of the railroad. Speaking to this point, we said:

"It is common knowledge that window sash in a passenger coach are often raised and lowered by passengers acting entirely independently of the company and its servants in charge of the train, and are, therefore, not under the exclusive control and management of the carrier, and the doctrine of *res ipsa loquitur* is inapplicable for this reason."

In that case we pointed out the distinction between the facts there appearing and those in the case of C., N. O. & T. P. R. Co. v. Lorton, 33 Ky. L. R. 689, 110 S. W. 857, relied on by the appellant in this case. The distinction need not again be repeated. In this case, there is no showing as to who raised this window sash. For aught that appears, it may have been the appellant himself, and its fall may have been due to the improper way in which he fastened it. There is no showing that appellee's servants and agents in charge of this train had anything to do with the raising of this window sash or knew that it had been or was raised. Its fall may have been due to the fact that, when it was raised, it was not securely fastened by the party raising it, as well as to the fact that it was, or its fastenings were in defective condition. Appellant utterly failed to show that the adjustment of this window sash was under the exclusive control of the appellee or its agents and servants, and, as we said in the Chadwick case, knowing as we do that window sash in a passenger coach are often raised and lowered by passengers acting entirely independently of the company and its servants in charge of the train, the doctrine of *res ipsa loquitur* is inapplicable since the adjustment of the window sash, in such a state of case as

is here presented, is not shown to be under the exclusive control and management of the carrier. As the doctrine of *res ipsa loquitur* did not apply, it devolved upon the appellant to show some negligence on the part of the appellee which caused the window sash to fall. This he failed to do. The case being indistinguishable from the Chadwick case, on its authority and for the reasons therein set out, the judgment of the lower court is correct and it is affirmed.