Weygandt, C. J.
 

 The plaintiff’s amended petition contains but one specification of negligence — an alleged violation of a repealed municipal ordinance. Counsel for the plaintiff withdrew this specification and consented to a submission of the case to the jury on the theory of
 
 res ipsa loquitur
 
 alone.
 

 Is the application of the doctrine of
 
 res ipsa loquitur
 
 warranted by the particular facts disclosed by the evidence in this case?
 

 The defendant-appellant is the owner and operator of the Hotel Olmsted in the city of Cleveland, Ohio. The plaintiff operates a cartage business in that city. On the above-mentioned date a large refrigerator was being installed in the hotel basement by an independent contracting company which engaged the plaintiff to go to the hotel and haul away a large, heavy refrigerator door together with its frame. The plaintiff was assisted by an employee of the refrigerator company. Together they went to the hotel basement and asked the linen clerk and the engineer for permission to use the sidewalk elevator for the purpose of getting the door and the attached frame out of the building. After obtaining this consent they placed the door and frame on the elevator in an upright but not quite vertical position. This was necessary in order to keep the door frame below the bow or top beam of the elevator. The floor of the elevator was but five feet long and three feet, six inches wide. The refrigerator door and frame were 46 inches in width, weighed approximately 265 pounds, and were eight inches thick. In the limited space the plaintiff and the refrigerator company employee stood on opposite.
 
 *419
 
 sides of the door for the purpose of holding it in place.
 

 The elevator was controlled by a cable that extended perpendicularly through the cab. The plaintiff’s associate operated the control cable. The elevator started and continued to rise until within several feet of the sidewalk level when it suddenly fell to the bottom of the shaft. The plaintiff was injured.
 

 Evidence was introduced tending to show that the supporting cable was torn and the elevator fell because a corner of the refrigerator door frame was permitted to project and collided with a steel cross-member at one side of the shaft. There is evidence that the under side of the cross-member bore a collision mark on which there was material similar to that of the door frame; and on the upper edge of the door frame was a gash caused by coming into contact with the cross-member. There is evidence, too, that the door frame was thereby crushed out of shape so that it was no longer rectangular.
 

 As frequently occurs, counsel are not in disagreement as to the law, but they are in vigorous conflict concerning its application to the facts in this case.
 

 One of the important essentials for the application of the doctrine of
 
 res ipsa loquitur
 
 is that the instrumentality causing the injury must be under the exclusive management and control of the defendant.
 
 Soltz
 
 v.
 
 Colony Recreation Center,
 
 151 Ohio St., 503, 87 N. E. (2d), 157;
 
 Fink
 
 v.
 
 New York Central Rd. Co.,
 
 144 Ohio St., 1, 56 N. E. (2d), 456.
 

 In the instant case was the elevator under the exclusive management and control of the defendant-appellant hotel company when the supporting cable broke?
 

 It is true that the elevator was owned and maintained by the defendant-appellant, as contended by the plaintiff. However, this falls far short of the exclusive
 
 management
 
 and
 
 control
 
 required by the rule. Ad
 
 *420
 
 mittedly
 
 the
 
 plaintiff and his companion alone loaded the door and frame on the elevator. At that moment they alone had the exclusive management and control of the elevator. No employee of the defendant-appellant was even present; nor had the defendant suggested the use of the elevator for this purpose. The placing of the large, heavy refrigerator door and frame on the relatively small elevator was an undertaking involving difficulty and hazard; and after this was accomplished the door and frame were leaning to one side and the plaintiff and his companion were attempting to hold them in place.
 

 Under these circumstances the trial court was in error in submitting the case to the jury on the theory of
 
 res ipsa loquitur.
 

 But the plaintiff insists that even without the benefit of this rule there is evidence of negligence warranting the submission of the case to the jury and that the judgment should be affirmed for this reason. However, this contention is in disregard of the controlling fact that, as above stated, the plaintiff expressly withdrew his only specification of negligence and submitted his case on the theory of
 
 res ipsa loquitur
 
 alone. After the jury was impanelled he stipulated that “plaintiff will withdraw from his amended petition the allegations with respect to the ordinance and the violation thereof * * And the following colloquy occurred when the court overruled the defendant’s motion for a directed verdict at the conclusion of the plaintiff’s evidence:
 

 “The Court: I overrule the motion. Exception may be saved.
 

 “Mr. Cull: And may the record show, your honor, that the issue before the court upon the overruling of the motion was
 
 res ipsa loquitur.
 

 “The Court: So far as the court is concerned, you may answer that yes.
 

 
 *421
 
 “Mr. Kiss: That is the issue.”
 

 Then, in the charge to the jury the court said:
 

 “The court says to the jury that the plaintiff has withdrawn that allegation in reference to the ordinance as set forth in plaintiff’s amended petition, and the jury is relieved of any consideration of that portion of the plaintiff’s amended petition. * * *
 

 “The plaintiff claims that the falling of the elevator permits the jury to draw the inference of negligence on the part of the defendant in the management, maintenance and control of its elevator. In ■other words, the plaintiff claims that the legal doctrine of
 
 res ipsa loquitur
 
 applies to the evidence in this case.
 

 “The three last words,
 
 res ipsa loquitur,
 
 mean the
 
 thing-itself speaks.
 
 All that the rule of
 
 res ipsa loquitur
 
 means is that the circumstances involved in or connected with an accident may he of such unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the, negligence of the one having the possession or control of the article or thing that caused the injury, because in the absence of any explanation, that is the only fair and reasonable conclusion.”
 

 Inasmuch as it was error to submit the case to the jury on that theory and the plaintiff has withdrawn his only specification of negligence, there is nothing left on which to base a verdict and judgment in favor of the plaintiff. Hence, the judgment of the Court of Appeals is reversed and a final judgment is rendered in favor of the defendant.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taut, JJ., concur.