### GLAZE, Plaintiff-Appellant, v. CLEVELAND (City), Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21705. Decided February 27, 1950.

Hedrick & Hedrick, Cleveland, for plaintiff-appellant.
Robert J. Shoup, Jos. F. Lombardo, Cleveland, for defendant-appellee.

(CONN, PJ, of the 6th District; HUNSICKER, J, DOYLE, J, of the 9th District, sitting by designation in the 8th District.)

## OPINION

By DOYLE, J:

This is an action of tort by a passenger upon an electric car operated as a public carrier under the authority and responsibility of the City of Cleveland. The injury for which damages is sought was sustained because of a window in the car falling upon the complainant's arm.

It appears that the injured lady boarded the car in downtown Cleveland and sat in the rear of it with her arm resting on the frame at the bottom of an open window. After proceeding about forty blocks, the window suddenly dropped upon and injured her arm. A fellow passenger then raised the window from her arm and after an attempt to secure it and being unable to do so lowered it to a "shut" position.

The above statement is a summary of the material facts given by the complainant herself. There was no other evidence offered to prove the alleged tort.

The sole question before this court is whether the trial court erred in taking the case from a jury and rendering judgment for the defendant as a matter of law.

It is ancient learning that courts do not permit juries to find material facts without evidence or from conjecture. If the rule were to the contrary, a jury could select one or two more equally probable or possible causes or theories each having different legal results.

As shown by the summary of facts there is no **direct** evidence of negligence. Such a showing, however, is not necessary in tort actions because in certain cases the existence of negligence may be inferred from existing circumstances.

In this state, we do under proper circumstances, recognize the rule of evidence known as res ipsa loquitur, which rule permits a jury, but not the court, in a jury trial, to draw an inference of negligence when the instrumentality causing the injury was under the exclusive management and control of the defendant and the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.

**Kaltenbach v. C. C. & C. H. Inc. 82 Oh Ap 10; Fink v. N. Y. C. R. R. Co. 144 Oh St 1; Glowacki, minor, v. N. W. Ohio Ry & Power Co. 116 Oh St 451.**

Are the facts before us sufficient for us to say that under the rules of law extant there is presented a jury question?

The window which fell on the lady's arm fell because the person who raised it left it unsecurely fastened, or because the fastening device was insufficient. In the one case, the person who opened the window may have been in default; in the other, the operator of the traction line.

It is common knowledge that windows in ordinary street cars are opened by the passengers as well as by the traction company employees. It, therefore, cannot be found, except by mere guess and speculation, that an employee of the defendant negligently raised and fastened the window. It could have been any passenger. Neither can the defendant be held liable upon the ground of a defective condition, because there is no evidence of any defect. It cannot be inferred in the absence of some evidence of a defective condition, that such a condition caused injury to the plaintiff.

See: Boucher v. Boston & Maine R. R. Co. 76 N. H. 91, 79 Atl. 993; Faulkner v. Boston & M. R. R. Co. 187 Mass. 254, 72 N. E. 976; Murphy v. Boston & Maine R. R. Co. 229 Mass. 38, 118 N. E. 191; Chadwick v. Louisville N. R. Co. 213 Ky. 831, 281 S. W. 1018.

It therefore appears to this court that the complainant's damages may have resulted from any one of several different causes and a selection of one of such causes would be reached only by guess and speculation. Also the rule of res ipsa loquitur cannot be invoked to aid the plaintiff because it is not shown that the opening and closing of the window was under the exclusive control of the defendant.

In conclusion it is proper to say that although the petition pleaded specific negligence against the defendant, there was offered no proof on the allegations and, as a result, the rule res ipsa loquitur could be invoked if the circumstances justified. We specifically find, however, that the circumstances shown in the record before us do not justify the invocation of the rule.

Judgment affirmed. Exc. Order see journal.

CONN, PJ, HUNSICKER, J, concurs.