HUDSON, APPELLEE, *v.* BENNETT ET AL., APPELLANTS.

(No. 4749—Decided October 7, 1952.)

*Messrs. Coughlin, Ogier & Lloyd,* for appellee.
*Mr. Collis Gundy Lane,* for appellants.

HORNBECK, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the plaintiff, against the defendant and in the sum of $1,265.99.

Plaintiff alleges that on the 10th day of June 1949 plaintiff's wife was driving his Chrysler sedan in a northerly direction on Olentangy River Road at or near premises described in the petition, which were in the possession and control of defendant Capitol Motor Car Company.   It is further averred that on said date the defendant company had on its premises, whereon was being conducted an automobile auction, a certain 1949 Chevrolet convertible automobile belonging to

and in the control of such defendant; that "at the southerly part of said premises a private driveway or passageway runs from the premises to the said Olentangy River Road, and that at said point the said Olentangy River Road is lower than the said premises, and that the said driveway or passageway has a sharp decline from said premises to the said Olentangy River Road."

It is further averred that while plaintiff's wife was operating his automobile in a northerly direction on Olentangy River Road and as she approached the premises of defendant company, at the point where the driveway from the premises runs to Olentangy River Road, the Chevrolet convertible ran wild, without a driver, down the private driveway and with force and violence crashed into plaintiff's automobile causing the damage of which complaint is made.

After certain formal admissions and an admission that a collision occurred on the date alleged in the petition between a certain 1949 Chevrolet automobile and a 1949 Chysler automobile resulting in some damage, the defendant company denies generally the allegations of the amended petition.

Plaintiff offered testimony from which it appeared that the defendant company owned and operated an automobile auction to which dealers consigned cars for sale. The cars were sold at public auction in a building, being moved thereto from a parking lot owned and controlled by defendant company.

On the day of the accident, Russell Regula, an automobile dealer of Dover, Ohio, had brought a 1949 Chevrolet convertible to the auction to be sold. By the rules controlling the sales, the car was required to be delivered to the defendant company by 11 a. m. on the morning of the sale, and it was so delivered. It was the practice of the defendant company when a

car was delivered to it for sale to give the consignor a receipt for the car, place a number upon the car and move it to and park it in the parking lot. The charge for consigning an automobile to the auction was $10 if the car was sold. If it did not sell a refund of $5 was made to the consignor. On the date in question about 150 cars had been placed for sale, and there were from 100 to 200 prospective purchasers on the sales lot. It was the practice of the defendant company to place a consigned car, number it, apply the brakes, leave it in gear and leave the keys in the car. Prospective purchasers were accorded the privilege of examining the cars, starting the motors, and driving the cars. The auction on the day involved started between 1 and 1:30 p. m. and was in progress when the damage to plaintiff's car occurred.

At the conclusion of plaintiff's case in chief, defendant company moved for a directed verdict, which motion was overruled, and elected to offer no testimony in its behalf, whereupon the court charged the jury and submitted the cause upon the theory that the *res ipsa loquitur* rule applied. The jury returned a verdict for the plaintiff, a motion for new trial was overruled, judgment was entered on the verdict, and a motion for judgment *non obstante veredicto* was overruled.

There are five errors assigned, all of which but one are directed to the question whether the facts pleaded and developed at the trial justified the submission of the evidence to the jury to determine the negligence of the defendant by applying the *res ipsa loquitur* rule. The other error assigned is that, if the doctrine was applicable, the charge was not correct.

Specifically, it is the claim of defendants that the plaintiff is not entitled to invoke the rule of *res ipsa loquitur* because it does not appear that the agency, *i. e.*, the automobile which struck plaintiff's car, was, at

the time of the collision, in the exclusive control of defendant company. Defendant company cites in support of its position *Soltz* v. *Colony Recreation Center,* 151 Ohio St., 503, 87 N. E. (2d), 167; *Sherlock* v. *Strouss-Hirshberg Co.,* 132 Ohio St., 35, 4 N. E. (2d), 912; *Farina* v. *First National Bank,* 72 Ohio App., 109, 51 N. E. (2d), 36, 169 A. L. R., 1341; *Glaze* v. *Cleveland,* 56 Ohio Law Abs., 414; *City of Cleveland* v. *Amato,* 123 Ohio St., 575, 176 N. E., 227; *City of Cleveland* v. *Pine,* 123 Ohio St., 578, 176 N. E., 229, 74 A. L. R., 1224; *Renneckar* v. *Canton Terminal Restaurant, Inc.,* 148 Ohio St., 119, 73 N. E. (2d), 498; *Feinberg* v. *Hotel Olmsted Co.,* 152 Ohio St., 417, 89 N. E. (2d), 569.

From the facts in this case it is obvious that the collision would not have occurred had ordinary care been employed in the handling of the Chevrolet automobile. It was placed on an incline, where unless held by its brakes an automobile would have rolled down the incline onto a driveway which might reasonably have conducted it to the public thoroughfare where plaintiff's wife was driving his automobile.

The testimony discloses that it was the practice of the defendant company through its employees to apply the brakes and leave a car in gear when parked, but it is not testified that this was done at the time that the Chevrolet was parked. It appears also that this Chevrolet was somewhat unusual and attracted many observers, but it does not appear that any one got into the car, that the motor was started, or that the car was driven. It is the reasonable inference that the sole cause of the collision was the inadequacy of the brakes or the failure to properly apply the brakes of the Chevrolet. But it is said that, inasmuch as any prospective purchaser had the right to inspect the car and drive it if desired, it may not be concluded that the defendant company was in exclusive control. We

doubt if it may be inferred that some person other than the employees of defendant company actually operated the car at any particular time after it was parked for sale. However, it is evident that, if any one inspected the car, operated it, released its brakes, or drove it, such act or acts were contemplated by and with the acquiescence and consent of defendant company which had the sole right to control such use. Therein, it seems to us, is found the difference between the instant case and the one case which is somewhat disturbing as to the propriety of applying the *res ipsa loquitur* rule, *Sherlock* v. *Strouss-Hirshberg Co., supra.* In that case, a sewing stool or footstool, which was the property of defendant storekeeper and held for sale, had been placed in the aisle of the store of defendant company and plaintiff stumbled over it and fell. The court held that an inference could not be drawn that the defendant store, its employees or servants placed the stool in the aisle. It would not reasonably appear that the store anticipated or had reason to anticipate that a customer would remove the stool from its place on a shelf, put it in an aisle and leave it there.

In the instant case, it might be inferred that the defendant company in permitting prospective purchasers to inspect and drive a car should anticipate that they might not apply the brakes at all when leaving the car or might not apply them effectively. The fact that it was the practice of the defendant company to not only apply the brakes to the car but leave it in gear is convincing that it realized that it was necessary to use every precaution to hold the car when parked on the incline.

One of the principal reasons for the application of the *res ipsa loquitur* rule is that the proof of the cause of the injury is more accessible to the person against whom the rule is applied than it is to the other party.

See *St. Marys Gas Co.* v. *Brodbeck, Admr.,* 114 Ohio St., 423, 151 N. E., 323. That case illustrates the reason for the doctrine.

In the instant case, plaintiff's wife was moving along on a public thoroughfare when suddenly, without any warning, an automobile with no driver crashed into the side of the car she was driving. She was utterly without fault and entirely unable to determine the specific cause of the collision. The defendant company which last had the possession and control of the driverless auto was in the better position to explain and account for the occurrence. But it is suggested that the defendant company could not know because there were 100 or 150 prospective purchasers, any one of whom, conceivably, might have caused the condition which brought about the accident. However, the defendant company knew of this possibility and had the opportunity (and it is inferable that such was its obligation) to take all reasonable steps to prevent such an occurrence as caused the collision. Although the company, no doubt, did not know who failed to properly brake the car, it had the means at hand of making sure that such braking or other safety measure would be taken, and it was its obligation to exercise care commensurate with the danger. At the time the Chevrolet left its place at the parking lot, in all probability it was unoccupied because it was without a driver when it struck plaintiff's car. Who then had control of the car when at rest and as it left the parking lot? The most logical conclusion is that the defendant company had such exclusive control.

It is our judgment that the facts developed in this case warranted the application of the *res ipsa loquitur* rule, and that the court committed no error in charging on it and in holding against the defendant company on its motions for a new trial and for a directed verdict.

We have examined the charge of the court in the par-

ticular in which it is challenged and do not find that the claim of such error is well made.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.