# Charles E. Dickerson, Appellant, *v.* Central Railroad of New Jersey.

*Negligence—Railroads—Master and servant—Brakeman.*

In an action by a brakeman against his employer, a railroad company, to recover damages for personal injuries, a nonsuit is properly entered where the evidence for the plaintiff shows that he was injured in a collision with other cars while operating a defective brake; that after he had made several revolutions of his wheel he found that the chain was broken, but there was no evidence to show how the break occurred, or to show that the car was in a defective condition when it left the inspection yard, a short time before the accident.

Argued Jan. 6, 1899.    Appeal, No. 229, Jan. T., 1899, by plaintiff, from order of C. P. No. 2, Phila. Co., December T., 1894, No. 91, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass for personal injuries.    Before PENNYPACKER, P. J.

At the trial it appeared that plaintiff, who was employed by the defendant as a brakeman, was injured on June 7, 1889, at Newark, New Jersey, while operating a defective brake.

The court entered a compulsory nonsuit, stating its reasons therefor as follows:

I think that this case utterly fails upon its proofs. The plaintiff has been seriously injured and naturally we all sympathize with him, but his case is to be determined upon legal proofs. The doctrine of the law is that he takes the risks of the employment, and among those risks is the negligence of a fellow servant. It therefore becomes very important to know exactly what is the cause of the accident, and whether it is due to negligence and to whose negligence. Now in this case it is not shown at all how it was that this brake came to be broken. All we have before us is the evidence of the plaintiff that after he had made several revolutions of his wheel he found that the chain was broken, but to what the break was due we cannot tell; it is a mere conjecture. It may have been that the car was out of repair or it may have been that there was some de-

fects, some concealed defect in this brake, and that the revolution itself caused the break just at that moment, but this is entirely conjecture. The theory of the plaintiff appears to be that this was a case where there was a broken chain before the cars were inspected at Elizabethport, but there is no evidence to support that and nothing from which the inference can properly be drawn. I think, therefore, that the nonsuit will have to be entered.

The court subsequently refused to take off the nonsuit.

*Error assigned* was refusal to take off nonsuit.

*J. H. Brinton*, for appellant.—It is sufficient that the defendant ought to have known or could by the exercise of reasonable care have ascertained the defective condition of the car: Kain v. Smith, 80 N. Y. 458.

Owing to the increase of suits for personal injuries the tendency of the lower courts has been to require of the plaintiff proof of facts which preclude the possibility of an inference of due care on the part of the defendant. This tendency was encouraged by the learned court below in the case at bar, but it is without the sanction of law either in England or in the United States: Paterson v. Wallace, 28 Eng. L. & Eq. 50; Jetter v. R. R. Co., 2 Abb. Ct. of App. Dec. 458; Hart v. Hudson River Bridge Co., 80 N. Y. 622; Delaware, etc., R. R. Co. v. Jones, 128 Pa. 398; Longenecker v. R. R. Co., 105 Pa. 328; Boro. of South Easton v. Reinhart, 13 W. N. C. 389; Gutridge v. Ry. Co., 94 Mo. 468; T., W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; R. R. Co. v. Huber, 128 Pa. 63; Mensch v. R. R. Co., 150 Pa. 598; R. R. Co. v. Mason, 109 Pa. 296; Ford v. Fitchburg R. R. Co., 110 Mass. 240; Giberson v. Patterson Mills Co., 187 Pa. 513.

If the master employ other servants to construct or repair such machinery he is responsible to his servants who use the machinery for any negligence in the work of construction or repair: Clark v. Holmes, 7 H. & N. 937.

*Hazard Dickson* and *Richard C. Dale*, for appellee, were not heard.

PER CURIAM, January 30, 1899:

We are not convinced that there was any error in refusing

to take off the judgment of nonsuit entered by the learned trial judge. The evidence relied on by the plaintiff to show that his employer, the defendant company, was guilty of negligence which resulted in the injury complained of was insufficient to justify submission of the question to the jury.

Judgment affirmed.