Price, Appellant, *v.* Lehigh Valley Railroad Company and Yoxheimer, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—Master and servant—Presumption.*

As between employer and employee, the mere happening of an accident, from which negligence could have been inferred, raises no presumption of negligence against the employer. A specific act of negligence must be shown.

In actions by widows of an engineer and a fireman against a railroad company to recover damages for the death of their husbands which occurred in a collision between an engine upon which the deceased were working, and another engine, compulsory nonsuits are properly entered, where plaintiffs allege five separate causes for the accident from which negligence might be inferred, but produce no evidence that any one of them was the specific cause of the accident.

Argued March 10, 1902.    Appeals, Nos. 202 and 203, Jan T., 1901, by plaintiffs, from orders of C. P. Northampton Co., April T., 1899, Nos. 33 and 48, refusing to take off nonsuits in cases of Mary E. Price v. Lehigh Valley Railroad Company and Mary E. Yoxheimer v. Lehigh Valley Railroad Company. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' husbands. The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*F. H. Lehr,* with him *H. J. Steele,* for appellants.

*William Fackenthall,* for appellee, was not heard.

PER CURIAM, March 24, 1902:

These appeals are brought here and argued together. Price was engineer, and Yoxheimer fireman on an engine of defendant. It was drawing train No. 6 up Wilkes-Barre Mountain, November 11, 1898, in the night-time. Its orders were, that it would meet train No. 5 coming down the mountain at siding No 7,

which was about halfway to the summit.   Before they reached the siding and half a mile from it, an engine coming down the mountain crashed into the upgoing one, and both Price and Yoxheimer were killed.   Their widows, these plaintiffs, alleging their husbands' deaths were caused by negligence of their employer, the defendant, brought these actions.   The court below directed compulsory nonsuits and plaintiffs appeal.

If anything be settled in this state it is, that the mere fact of an accident, as between employer and employee, raises no presumption, that it was due to the negligence of the employer. " As between employer and employee, the mere happening of an accident, from which negligence could have been inferred, raises no presumption of negligence against the employer.   A specific act of negligence must be shown : " Higgins v. Fanning and Co., 195 Pa. 599 ;  Dickerson v. Central Railroad Co., 189 Pa. 567.   And these decisions follow a long line of cases which precedes them.   Plaintiffs allege, 1. That a competent and skilful engineer was not put in charge of the down coming train.   2. Defendant was negligent in not having three brakemen down the mountain instead of two.   3. The passing siding should have been at the top or foot of the mountain instead of halfway up.   4. Air retainers should have been on both trains, and it was negligence in the defendant not to have them.   5. It was negligence in the defendant, in not having a double track railroad on the mountain, instead of a single track.

Here, according to defendant's argument, are five separate causes for the accident from which negligence might be inferred. The very statement of them shows the uncertainty in appellants' own mind as to the cause of the accident.   In fact, there is no evidence, that any one of them was the specific cause of the accident.   Doubtless, if the jury had had a chance to do so, they would have guessed, that some one of them was the approximate cause of the accident, and then further guessed, that the cause arose from negligence of the defendant.   But the law gives them no right to guess, and the court below very properly so decided.

The judgment is affirmed.