# Bauman, Appellant, *v.* Best Manufacturing Co.

*Negligence—Master and servant—Defective appliance—Nonsuit.*

1. In an action by an employee against his employer to recover damages for personal injuries caused by the fall of a plunger from an overhead crane, a non-suit is properly entered where the evidence shows that the fall of the plunger was caused by a cotter pin either breaking or working out of place, but there is nothing to show that the pin was worn or defective, and the evidence is uncontradicted that the pin was seen in its place three hours before the accident.

2. In such a case evidence of the general condition of the crane is irrelevant.

Argued Nov. 1, 1911.   Appeal, No. 196, Oct. T., 1911, by plaintiff from order of C. P. No. 1, Allegheny Co., December Term, 1906. No. 1015, refusing to take off non-suit in case of Max Bauman v. Best Manufacturing Company.   Before FELL, C. J., BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off non-suit.

*Lee C. Beatty,* with him *James B. Drew* and *John B. Gloeckner,* for appellant.—It is the duty of the master to provide his employee with a safe place to work, and to inspect and repair: Lillie v. American Car & Foundry Co., 209 Pa. 161; Wilson v. Union Steel Castings Co., 223 Pa. 167; Newton v. Iron Works, 199 Pa. 646; Weller v. Mfg. Co., 28 Pa. Superior Ct., 102; Dyer v. Bridge Co., 198 Pa. 182; Folk v. Schaeffer, 186 Pa. 253; Phila. & R. R. Co. v. Huber, 128 Pa. 63.

*Wm. A. Stone*, with him *W. Clyde Grubbs*, for appellee.—The appellee contends that it was the duty of the appellant in this case to prove that the cotter pin broke and that this fact must be proved by direct and positive evidence and not by inference and in support of this contention, the following cases are cited: McLean v. Schoenhut Co., 225 Pa. 100; Pumeroy v. Bruce, 13 S. & R. 186; Alexander v. Water Co., 201 Pa. 252; Reese v. Clark, 146 Pa. 465; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301; Wilson v. Union Steel Castings Co., 223 Pa. 167.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

This is an appeal from the refusal of the court below to take off a judgment of compulsory non-suit. The plaintiff sought to recover damages for personal injuries inflicted by the fall of a plunger from an overhead crane. This plunger was a solid piece of steel, weighing twelve or fifteen pounds, working vertically through a hollow cylinder. It was attached to an arm at the top by means of two steel plates, through which ran a counter pin; and through this in turn at one end was inserted, solely for the purpose of keeping the counter pin in place, a small steel pin known as a cotter pin. At the time of the accident it appeared that the counter pin must have worked out of its place, for the plunger fell. Neither of these parts was out of order in any way, and they were immediately restored to their places. The cotter pin, which had been in use was however missing. It must have come out, but whether by slipping or from breaking, was not shown; but as a result there was nothing to hold the counter pin in its proper place, and it in turn must have gradually worked out of its supports and permitted the plunger to fall. Between two and three hours before the accident, the craneman oiled the machinery, and observed that the cotter pin was then in place, and that it appeared to be rusty and was dirty and dusty. It

could not well have been otherwise, situated as the crane was, in a foundry where moulding was carried on. It was not shown how long the pin had been in use, or that it was worn or in any way unfitted for the use to which it was put. It had only one purpose to serve, and that was to prevent lateral motion in the counter pin. It bore no weight, and its mere presence was ordinarily sufficient to answer the purpose for which it was intended. As the trial judge said, there was nothing in the case to show that there was any wear upon the cotter pin, or to show that such pins ever wore out or became unfitted by use for their purpose. In Bradbury v. Kingston Coal Co., 157 Pa. 231 where it was shown that a cotter pin broke after several years of use, it was held that in the absence of evidence of a defect, it was error to submit to the jury the question whether the use of the pin was negligence. And in Zahniser v. Torpedo Co., 190 Pa. 350, evidence which went no further than to show that a similar pin broke, was held not to be sufficient to take the case to the jury. The principle set forth in these cases was very properly applied to the facts of this case. Here there was some evidence of rust, but it was not intimated that this amounted to corrosion, or that it weakened the steel of which the pin was composed. The witness who observed the condition of the pin when oiling the plunger, evidently regarded it as good; otherwise he would have changed the pin, or reported the need of a change. The only reasonable inference that can be drawn from the evidence is that the accident resulted from the disappearance of the cotter pin. Evidence as to the general condition of the crane was therefore properly excluded as irrelevant. Nor did it appear that the cotter pin was missing for any appreciable time before the accident. The craneman had seen it in place less than three hours before.

We agree with the court below that there was not sufficient evidence of any negligence upon the part of

the defendant to justify the submission of the case to the jury.

The judgment is affirmed.