# Desibia, Appellant, *v.* Monongahela Railway Company.

*Negligence—Mines and mining—Defective brake—Fall of miner —Concealed defect—Nonsuit.*

Where in an action to recover damages for personal injuries sustained by a miner in consequence of the breaking of a brake rod by

228 DESIBIA, Appellant, *v.* MONONGAHELA RY. CO.

which he was attempting to stop a coal car, whereby plaintiff fell under the car and was seriously injured, where an old crack was discovered in the brake rod after the accident, but where it did not appear that such crack could have been discovered by a reasonably careful inspection, the trial judge made no error in entering a compulsory nonsuit.

Argued June 4, 1918. Appeal, No. 18, Jan. T., 1918, by plaintiff, from judgment of C. P. Fayette Co., Dec. T., 1914, No. 199, refusing to take off compulsory nonsuit, in case of Dominick Desibia v. The Monongahela Railway Company. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of Van Swearingen, P. J., sur defendant's motion to take off nonsuit:

At the trial of this case a compulsory nonsuit was entered on the ground that no negligence on the part of the defendant had been shown, and the case is before the court now on a motion to strike off the nonsuit. At the time of his injury the plaintiff was a car shifter in the employ of the H. C. Frick Coke Company at Gates. His duty was to place the cars, which were furnished by the Monongahela Railroad Company, in position under the coal tipple to be filled from above and then by loosening the brakes drop the loaded cars down the track to make room for others to be filled. On the day he was hurt the plaintiff was dropping a loaded car down the track from the tipple, and when he applied the brake to stop the car the brake rod broke and the plaintiff fell under the car and his foot was so injured that it had to be amputated. The brake was the ordinary brake used on freight cars, an iron rod running up to the top of the car with a wheel at the upper end of the rod. The brake rod at its upper end was square and fit into a square in the center of the brakewheel. Immediately below the wheel the rod was round. It was at the juncture of the

square part and the round part of the rod just beneath the wheel that the rod broke. After the accident an old crack was discovered partly in the square part of the rod and partly in the round part, extending half way or more through the thickness of the rod, but so close up under the wheel as not to be observable when the wheel was on the rod. How long the crack had been there nobody was able to tell. The plaintiff said the brake looked all right that day, and he thought it was in good working order, and that he had released and set it five or six times that day before it broke. It was not shown that the defendant had any knowledge of the defect in the rod, the car had been in use right along, and the defect was one that would not likely be discovered in a reasonably careful examination and inspection of the car. In the opinion of the court the nonsuit was properly entered.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off nonsuit.

*D. W. McDonald,* with him *Jos. W. Ray, Jr.,* and *James R. Cray,* for appellant.

*W. J. Sturgis,* with him *S. J. Morrow,* for appellee.

PER CURIAM, July 17, 1918:
This judgment is affirmed on the opinion of the court below refusing to take off the nonsuit.