## King v. Miller Coal Co., Appellant.

*Negligence—Mines and mining—Master and servant—Defective car—Evidence—Res ipsa loquitur.*

1. Before an employee can recover from his employer damages for personal injuries, alleged to have been caused by a defective mine car, he must show not only a defect in the car which was the proximate cause of the accident, but also that the fault could have been discovered by the exercise of due care, and that no effort had been made to repair.

2. The mere fact of an accident does nòt establish negligence.

Argued September 27, 1922. Appeal, No. 21, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., March T., 1911, No. 305, on verdict for plaintiff, in case of Dorsey E. King v. Miller Coal Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Error assigned,* inter alia, was (2) refusal of judgment for defendant n. o. v.

*Charles S. Evans,* for appellant.—The mere happening of the accident raises no presumption of negligence on part of defendant: Forte v. Markle Co., 258 Pa. 194; Direnzo v. Bridge & Iron Works, 265 Pa. 561; McDon-

nell v. Orinoka Mills, 241 Pa. 61; Phila. & R. R. R. v.
Hughes, 119 Pa. 301; Laing v. Arms Co., 264 Pa. 130;
Rhodes v. Forge Co., 247 Pa. 125; Hemscher v. Dobson,
220 Pa. 222; Greiser v. Mfg. Co., 227 Pa. 375; Desibia v.
Ry., 262 Pa. 227; Mixter v. Coal Co., 152 Pa. 395.

*John H. Stephens*, for appellee.—The duty to provide
a safe place to work and to maintain it in a reasonably
safe condition by inspection and repair is a direct, per-
sonal and absolute obligation, from which nothing but
performance can relieve an employer, and the person to
whom it is delegated becomes a vice-principal whose neg-
lect is the neglect of the employer: Lewis v. Seifert, 116
Pa. 628; Prevost v. Ice Co., 185 Pa. 617; Casey v. Paving
Co, 198 Pa. 348; Lilie v. Car, etc., Co., 209 Pa. 161;
Schiglizzo v. Dunn, 211 Pa. 253; Gilbert v. Tanning Co.,
221 Pa. 176; Shoemaker v. R. R., 236 Pa. 120; Dodd v.
Mining Co., 242 Pa. 216.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The plaintiff, employed by defendant as a rockman in
its coal mine, was struck and injured by a runaway car,
and brought this suit to recover damages. Various acts
of negligence were charged in the statement filed, but
the proof offered at the trial centered upon the failure
of defendant, as averred, to furnish cars properly
equipped with brakes. At its conclusion, a request by
the defendant for binding instructions was refused, and
subsequently a verdict for the plaintiff was rendered.
A motion for judgment n. o. v. was later overruled;
hence this appeal.

The coal company operated a mine, having a main
haulageway ten feet wide. From this, openings were
made to the right and left, the one to the left, around
which this controversy turns, being about 1,000 feet from
the shaft. It had chambers at various points on each
side, which were connected with the main gangway by
a track and switch. Empty cars were moved to the place

of mining by mules, and, when loaded, returned by gravity. In passing from the main heading, at the point in question, a grade of from six to eight per cent was encountered for the first 150 feet. Beyond that, it would seem to have been uniform, though the testimony as to this is not clear.

On the day of the accident, coal was mined on both sides of the left heading. From the chamber nearest the main passageway, a loaded car was moved onto the track, and there stopped. The driver then called to the miner on the opposite side, and farther back, to send out his car. In moving forward, it got beyond control, in some way. This was observed by Anderson, who had charge of the first car, and efforts were made by him with rocks and sticks to stop the one descending. He mounted it, and attempted to check its momentum by the use of the brakes. In this he was unsuccessful, and the second car struck the first, and both descended the grade, overturning at the switch. Near the entrance to the main shaft was the plaintiff, who was hit and injured. Those with him escaped harm.

No complaint was made as to the condition of the track, nor of the absence of approved safety devices such as are usually found in mines, it appearing that sand rails had been provided for aid in holding cars descending the grade. The only evidence offered at the trial upon which to base an inference of negligence is found in the testimony of Anderson, who jumped onto the second car. To use his words, he held the brake "on the hind car, and it caught against the draw bar; then the brake wouldn't hold the car." Further, when asked, "Was that a defective brake?" he replied in the affirmative. Except as noted, there is nothing in the proof offered to support the declaration of opinion of the witness. It does not appear anything was broken about the rigging, that the rod was in improper condition, chains broken, or belts loosened, either before or after the accident. It was not shown the catching of the brake on

the drawbar was the result of any observable defect, or that this may not have been caused by the force used in attempting to check the car which had been permitted to gain too great speed on the steep down-grade.

Before the plaintiff can recover, he must establish negligence on the part of defendant. The burden is upon him in a case such as this to show not only a defect which was the proximate cause of the injury, but that the fault could have been discovered by the exercise of due care, and that no effort was made to repair. What was said in Mensch v. P. R. R. Co., 150 Pa. 598, 605, may be appropriately repeated here: "In the absence of any proof that the defect did exist either before or at the time the car was in the Sunbury yard, we do not see how the jury could be permitted to find that it did then exist, and then draw an inference of negligence because the accident subsequently occurred. It would be founding one inference upon another inference without any actual testimony to support either. As we understand the law it does not permit such a course in actions by employees against their employers. On the contrary in all such actions, in the absence of definite proof of some negligence which directly or naturally results in injury to the employee, the accident is regarded as one of the hazards of the employment of which the servant takes the risk and for which there can be no recovery. In the present case the projection of the end of the bolt was most probably caused by the working off of the nut from the thread at the opposite end of the bolt. This is something which would naturally happen in the ordinary running of the car and it might occur suddenly."

Even had the presence of a defect at the time of the accident been proven, this would not have justified a recovery, unless it further appeared that notice of that fact had been, or should have been, acquired by the company, because observable (Sullivan v. B. & O. R. R. Co., 272 Pa. 429), had due care in the examination of the car been taken. The only evidence in the case shows the

usual and customary inspection at mines was made, and no one suggests it was an improper method.   In Mixter v. Imperial Coal Company, 152 Pa. 395, it is said: "We have many times held in such actions that the mere fact of the accident is not enough to establish negligence. There must be additional and affirmative proof of the particular negligence which caused the accident.   Moreover, in order that an employer may be held liable to an employee for negligence when the injury arises from some defect in the machinery or appliances in use by the plaintiff at the time of the accident, it is not enough to show that the defect existed at the moment of the accident.   Such defects may suddenly arise in the course of the use of the machinery or appliances, without any opportunity for the master to know of them, and unless there is something in the testimony indicating at least an opportunity of previous knowledge, or that the facts were such that the master ought to have known of the defect, the culpable negligence of the master is not established."   To the same effect are P. & R. R. Co. v. Hughes, 119 Pa. 301, and Desibia v. Monongahela Ry. Co., 262 Pa. 227, cases involving situations similar to that found here, and in both the right to recover was denied.

A further discussion of the authorities is unnecessary. Applying the well established principles to the facts disclosed by the record, it is clear that the plaintiff failed to make out his case.   The only proof of a defect rests on the statement of Anderson, which apparently is based solely on the fact that the "brake caught against the draw bar" when the attempt to check the rapidly moving car was made.   Even aside from this, the burden remained with the claimant to show the company knew, or should have known, of it, and made no effort to correct a dangerous condition.   No proof of negligence appears, and binding instructions should have been given for the defendant.   It follows the assignments of error must be sustained.

Judgment is reversed, and is here entered for the defendant.