## Bryan et ux., Appellants, v. Barber Asphalt Co.

*Appeals—Joint appeals—Negligence—Husband and wife—Separate verdicts.*

1. Not decided, whether a joint appeal will lie where, in an action of negligence for injuries to a wife, the jury rendered separate verdicts for the husband and wife, but the court in banc entered judgment for defendant non obstante veredicto.

*Appeals—Review of testimony—Judgment n. o. v.—View of evidence most favorable to appellant.*

2. In reviewing a judgment non obstante veredicto, the testimony is to be viewed in the light most favorable to appellants.

*Negligence—Defective street crossing—Municipal contractor—Notice of defect—Constructive notice.*

3. Where a plaintiff has been injured by reason of a defect in a plank laid by a municipal contractor at a public crossing, plaintiff must show not only that the defect existed at the time of the accident, but that defendant knew or should have known of it prior to that time.

*Negligence—Inference—Control by defendant—Res ipsa loquitur—Defective street crossing—Municipal contractor.*

4. The principle of res ipsa loquitur applies only where there is an absolute duty or obligation amounting practically to that of an insurer; or where the transaction in which the accident occurred was in the exclusive management of the defendant, and all the elements of the occurrence were within its control, and the result

was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence.

Argued January 4, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 219, Jan. T., 1927, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1923, No. 8192, for defendant n. o. v., in case of Esther Bryan and Joseph Bryan v. Barber Asphalt Co. Affirmed.

Trespass for injuries to wife. Before SMITH, J.

The opinion of the Supreme Court states the facts.

Verdicts for Esther Bryan for $10,000 and for Joseph Bryan for $2,000, on which judgments were entered for defendant n. o. v. Plaintiffs took a joint appeal.

*Error assigned* was, inter alia, judgment for defendant n. o. v. quoting record.

*Harry A. Mackey,* for appellants.—All of the testimony must be considered in the light most favorable to plaintiff, giving to him the benefit of all proper inferences to be drawn therefrom: McDonald v. Pittsburgh, 278 Pa. 485; Murphy v. P. R. T. Co., 285 Pa. 399, 406.

A contractor on city streets, is unquestionably responsible for its torts: Mumbower v. Weaver, 282 Pa. 605.

When the thing which causes the injury is shown to be under the management of defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendants, that the accident arose from a want of care: Janock v. R. R., 252 Pa. 199; Ryan v. Granite Co., 266 Pa. 105; Martin v. Letter, 282 Pa. 286.

*Robert T. McCracken,* with him *Roberts & Montgomery,* for appellee.—There was no proof that defendant

laid or maintained a defective plank at the point of the accident: Zercher v. Transit Co., 50 Pa. Superior Ct. 324; Zeher v. Pittsburgh, 279 Pa. 168; Zahniser v. Torpedo Co., 190 Pa. 350.

This case is ruled by the principles governing sidewalk accidents: Beck v. Cricket Club, 228 Pa. 173; Lindstrom v. Penna. Co., 212 Pa. 391; Lohr v. Boro., 165 Pa. 109; Morris v. Phila., 195 Pa. 372; Foster v. Enamel Co., 217 Pa. 144; Charles E. Johnson Co. v. Phila., 236 Pa. 510; Reichard v. Boro., 286 Pa. 25.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1927:

Plaintiffs, who are husband and wife, sued to recover damages for personal injuries to the wife, alleged to have been caused by the negligence of defendant. The jury rendered two verdicts, one for each plaintiff. Subsequently, the court in banc entered judgment for defendant non obstante veredicto; and this single appeal, by both plaintiffs, followed. It is gravely doubtful whether a joint appeal could be sustained under the circumstances here appearing (Geiger v. Garrett, 270 Pa. 192); but, in view of our conclusion on the merits, it is not necessary to consider that question. The relevant facts, viewing the testimony in the light most favorable to appellants (McDonald v. Pittsburgh, 278 Pa. 485), are as follows:

Defendant was engaged, under a contract with the City of Philadelphia, in taking up the macadam in the bed of Olney Avenue, grading down the subsurface, and laying a modern asphalt pavement. The contract did not give defendant the exclusive control of the street, nor was it obliged thereby to arrange so that the public could have the use of the crossings of intersecting streets. It did, however, at Fairhill Street,—which is the only point we are concerned with on this appeal,—place three planks across the street, at its intersection with Olney Avenue, a short one leading down from each curb to the bottom of the excavation (made necessary, for a short

distance into Fairhill Street, in order that the level of the two streets might be the same), and a third, much longer, between the other two.

At the time of the accident, the wife (whom we shall hereafter call plaintiff) approached Olney Avenue from the north, walking along the west side of Fairhill Street, until she reached the intersection of the two highways. The day was bright and clear, and she saw that each of the streets had been torn up at that point. She concluded to cross Fairhill Street; safely walked down the nearer of the small planks above described, and had traversed about one-half of the larger one, when it split apart, her foot was caught in the opening, and she received the injuries complained of in this suit. Clearly these facts, standing alone, were not sufficient to sustain her claim that defendant was negligent. Before a recovery could be had, it would have been necessary to show also that defendant knew, or should have known, that the plank was defective when laid, or had become so subsequently: Lohr v. Phillipsburg Boro., 165 Pa. 109; Beck v. Germantown Cricket Club, 228 Pa. 173; Kahn v. Kittanning Electric Light Co., 238 Pa. 70, 75. At this point, her case wholly failed.

One of her witnesses testified, that, when the plank was set in place the night before the accident, it was in good condition. Between then and the time of the accident, a number of people used it, without, so far as appears, any defect being discovered in it, or any complaint being made regarding it. Plaintiff herself said that, before she stepped upon it, and also while walking on it, it appeared to her to be safe, though dirty. A third witness said that, after the accident, she was talking to plaintiff, who was sitting on the step of one of the corner stores, that plaintiff pointed out the plank which had split, but that the witness did not pay much attention because she did not think the matter was serious, though, from her casual observation, the split "didn't look new to me, it looked like an old board."

Under ordinary circumstances, old planks are as good as new ones; often better, in that they have stood the test of continued use. The witness did not say she had made any examination of the plank, and it would be a pure guess to say, from her evidence, that the split was an old one, let alone that it was of such a character that defendant, in the exercise of reasonable prudence, should have noticed that something was wrong with the plank. This was all the evidence which related to that particular plank, and certainly it was wholly insufficient to bring notice to defendant of any defect therein.

There was other and irrelevant evidence to the effect that two of the short planks had become cracked, one of them by children jumping up and down on it; that a similar plank on another street had split; and that, at the place of the accident, at some unstated and disconnected time, still another split plank was observed by a witness, who complained about it, and it was at once removed. The statement of these facts shows that none of the matters referred to can have any bearing on the present controversy.

Apparently recognizing that, upon the basis stated, a recovery could not be had, plaintiff sought, in effect, to apply the principle of res ipsa loquitur. It is without relevancy to the present controversy, however (Zahniser v. Penna. Torpedo Co., 190 Pa. 350; Fitzpatrick v. Penfield, 267 Pa. 564, 577), for, as stated in those cases, it applies only where "there is an absolute duty or obligation amounting practically to that of an insurer," or where "the transaction in which the accident occurred was in the exclusive management of the defendant, and all the elements of the occurrence were within his control, and the result was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence." It is not enough that, as here, "the thing speaks for itself" so far as tending to show that the plank must have been weak or defective; the application of the principle,

if it is to have any bearing, must go further and lead necessarily to the additional conclusion that defendant had, or, by the exercise of reasonable diligence, would have had, knowledge of the weakness or defect, in order to raise a duty to replace or repair, without which there could be no neglect upon which to base a recovery. On this essential point, the "thing" does not "speak" at all.

The judgment of the court below is affirmed.