Rose, Appellant, *v.* Adelphia Hotel.

Argued January 7, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Alvin L. Levi,* of *Levi & Mandel,* for appellant.

*Layton M. Schoch,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 17, 1930:

This appeal is from refusal of the court below to grant a new trial after verdict in favor of defendant. Plaintiff, an active man in good health, was a guest at a wedding dinner of his granddaughter, given at the Adelphia Hotel in Philadelphia. Apparently there were numerous other guests present, and a long platform seven feet wide and approximately sixteen inches high was placed at the end of the dining room, where dinner was served on a special table to a number of those present. The platform was flush with the end wall, except at sections or spaces between radiators. A carpet was spread over the platform and extended to the wall, upon which chairs were placed between the table and the wall. Immediately previous to serving refreshments, plaintiff was busily engaged in greeting and giving attention to guests on the floor of the room. The dinner was in progress at the time he started to reach the chair allotted to him on the platform, and either when immediately upon it, or a few feet from the end, he was seen to suddenly fall and upon being assisted to his feet, complained of pains in his breast and side. Plaintiff contends that in walking towards his chair he stepped upon a part of the carpet which, as is alleged, covered the empty space between radiators, and that the fall and injuries were the results of negligence on the part of defendant in not maintaining the premises so as to secure

safety of guests. No testimony was offered by defendant, and after an extended charge by the court the case was submitted to the jury, who found for defendant.

It has long been the rule that it will always be presumed that the discretion of the trial court has been rightly used, unless the contrary plainly appears; and, as we have said, in effect, in many earlier cases, it is not within our province to review the action of the court below in granting or refusing a new trial, unless palpable abuse of the court's powers appears. The record in the present case shows no such abuse of discretion, either in the charge to the jury or in the determination of the case by the court in banc. Appellant's counsel present a contrary contention, and, in their statement of questions involved, set forth two propositions which cover the substance of the assignments of error. It is claimed the verdict for defendant was so capricious as to entitle appellant to a new trial; and, second, that the rule of res ipsa loquitur applies here.

It is certainly true that neither the testimony of plaintiff nor that of his witnesses, showed how he fell or what caused him to fall, while upon the platform in the banquet hall; and if other facts and circumstances disclosed at the trial were no more definite and enlightening than was the evidence as to the manner of the accident, any other verdict would have been the result of conjecture. The learned court below found the evidence sustained the verdict, which could not, as it said, be regarded as capricious.

We fail to see how the jury could have arrived at a different conclusion. Nothing in the testimony of plaintiff himself fastened the charge of negligence upon defendant. His testimony was: "I had to get up on the steps to the platform, and I had to pass the chairs where the people were sitting already at the table, and as I come through there wasn't very much space to pass, and I don't know—I was trying to get through, and I remember I fell in and got hurt and that is all I know."

The evidence showed that but one upward step was required to reach the platform. Asked if he had looked at the platform, he replied: "No, I didn't take that much notice." "The general rule is that the plaintiff whose suit is grounded upon the alleged negligence of the defendant must not only establish the negligence by competent evidence, but he must show that it was the cause of the injury for which he sues. The exceptions to the rule are rare": Kepner v. Harrisburg Trac. Co., etc., 183 Pa. 24, 30. The case here is not one of the exceptions, hence the rule governs.

The guests were already at the table and appellant was eager to reach his allotted place. The evidence does not show objection to the manner of the arrangement of the table and the chairs on the platform; the dinner was held in the evening, and the record justifies the assumption that the room was brilliantly lighted, appellant could have seen, by the slightest observation, the space between the radiators; and the evidence fails to show necessity for him to place his foot or feet on any one of the open spaces. None of the witnesses gave evidence tending to show what caused appellant to fall. They saw him fall, but did not observe exactly where he stood at the time. All they could say, and all the plaintiff could say, was that he fell. He thus failed signally to show the cause of the injury for which he sues. A landlord cannot be held liable unless there is proof that plaintiff was injured through his negligence (Huey v. Gahlenbeck, 121 Pa. 238), and the record here is devoid of proof to that effect. The trial judge charged the jury to consider whether there was negligence on the part of defendant, or of plaintiff, or of both. They heard the testimony, weighed and considered it, and it was for them to reach a conclusion from that consideration. The facts as produced were sufficient for them to arrive at such conclusion, and the verdict being for defendant, it is accordingly conclusively established, for the purpose of this appeal, that defendant was not neg-

ligent and that plaintiff did not exercise proper care: Mackowski v. P. R. T. Co., 265 Pa. 34, 37.

The rule of res ipsa loquitur cannot apply here. The testimony disclosed all material facts as to the alleged cause of the accident and the circumstances shown in the record are not of themselves of such character as to justify a jury in inferring that the accident was caused by negligence on the part of defendant. As the court below well says, "defendant was not obliged to explain what was manifest to everybody." The condition or situation of the platform and the carpet, which plaintiff failed to prove was the cause of his injuries, was shown by the evidence; and where plaintiff avers specific acts, as here, which go to the breach of duty relied on, he cannot invoke the rule: 45 C. J. 1226. Nor, as was said in Bryan et ux. v. Barber Asphalt Co., 289 Pa. 123, 127, citing Zahniser v. Penna. Torpedo Co., 190 Pa. 350, and Fitzpatrick v. Penfield, 267 Pa. 564, "can it be invoked where the transaction in which the accident occurred was not in the exclusive management of the defendant [unless] all the elements of the occurrence were within his control, and where the result was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence." The platform in the present case was not, at the time of the accident, in the exclusive management of defendant, and the verdict establishes a fair inference that negligence on the part of defendant did not cause appellant's injuries.

The judgment of the court below in refusing a new trial is affirmed.