Day, J.
 

 Plaintiff below and his wife were walking in Garfield Park in the city of Cleveland, on Sunday afternoon, August 10,1924. Mrs. Pine stepped upon a manhole cover in one of the walks of the park, which gave way and caused her to fall, from which she suffered injuries that necessitated medical treatment and rendered her unable to perform her usual household duties for a period of time, from which inability her husband, Howard Pine, sustained the damages complained of, to wit, medical expenses, loss of service, etc.
 

 
 *580
 
 It was seriously urged in oral argument by counsel for the defendant in error that there is a liability on the part of the city, and therefore a right on the part of the injured party to recover under the common-law liability of the city, independently of the duty imposed by Section 3714, General Code. That section provides, in part.:
 

 “The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance. ’ ’
 

 It was held by this court in
 
 City of Cleveland
 
 v.
 
 Ferrando, a Minor,
 
 114 Ohio St., 207, 150 N. E., 747: “Municipally owned and controlled parks, established and maintained for, and open to the general public, are ‘public grounds’ within the meaning of that phrase in Section 3714, General Code, and by that section the duty is imposed upon municipalities to keep them free from nuisance.”
 

 It is the spirit of that decision that municipally owned parks, which are free to the public for purposes of recreation, are “public grounds,” and it is likewise the spirit of Section 3714, General Code, that municipally owned parks are in the same classification as streets and alleys, and that therefore they are instrumentalities of government. It follows that the liability of the municipality for negligence in their maintenance, and the obligation to keep them free from nuisance, must rest upon the same basis as the liability relating to the maintenance and care of streets, alleys, sidewalks, and other ways. In
 
 *581
 
 deed, the facts of the case at bar bring It clearly within the liability imposed on account of defective-sidewalks, because it appears by the admissions of the parties that this particular manhole was located in a
 
 sidewalk
 
 surrounding a swimming pool.
 

 The record does not disclose evidence tending to show knowledge, actual or constructive, on the part of the city, of the defective condition of the manhole. However, it was claimed by plaintiff below that “in the normal course of things properly maintained and constructed manholes, with their covers properly placed on properly made supporting lugs or flanges, do not give way under a person’s weight, ’ ’ and the doctrine of
 
 res ipsa loquitur
 
 is invoked as applicable to the case.
 

 This court has heretofore laid down the general rules for the application of the doctrine of
 
 res ipsa loquitur,
 
 and it seems unnecessary to reiterate.
 
 Loomis
 
 v.
 
 Toledo Rys. & L. Co.,
 
 107 Ohio St., 161, 140 N. E., 639;
 
 St. Marys Gas Co.
 
 v.
 
 Brodbeck, Admr.,
 
 114 Ohio St., 423, 151 N. E., 323;
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486. These cases, however, do not go to the paramount question raised by this record, to wit, Does the doctrine of
 
 res ipsa loquitur
 
 apply to municipalities where a manhole in one of its streets or parks, much frequented by the public, has tilted or given way and a pedestrian is injured thereby?
 

 From an examination of the authorities and adjudications of other jurisdictions, we have reached the conclusion that, in order to recover against the municipality, the suit must be based upon negligence,
 
 *582
 
 and proof of notice, either actual or constructive, and that the doctrine of
 
 res ipsa loquitur
 
 does not here apply, because there does not exist such exclusive management and control within the city as to create a liability under that doctrine. Like conclusion is reached in the case of
 
 City of Cleveland
 
 v.
 
 Amato, ante,
 
 575, 176 N. E., 227, this day decided. The cases cited and reasons stated in that case are also applicable to this case.
 

 The case of
 
 City of Corbin
 
 v.
 
 Benton,
 
 151 Ky., 483, 152 S. W., 241, 242, 43 L. R. A. (N. S.), 59, states the principles which are in point in the instant case: “While a city may construct, reconstruct and repair its streets, and may in other ways exercise control over its streets, yet there is no such management or control on its part as will justify the application of the doctrine of
 
 res ipsa loquitur.
 
 Streets are not only built and maintained for the use of, but are in constant use by, the traveling public. Being in constant use by the traveling public, streets which are properly constructed and are in every respect suitable for public travel may immediately become defective or dangerous from such constant use. Indeed, in the majority of cases, the probability of their becoming defective or dangerous from their continuous use by the public is much greater than that growing out of their defective or dangerous construction, reconstruction or repair. To say, therefore, that the breaking or slipping of a stone, shown to be in every way sufficient for the purpose of covering a culvert, is of itself evidence of its insufficiency or negligent placement, when, as a matter of fact, its condition or improper position may have been due to its being struck by a vehicle
 
 *583
 
 a few minutes before the accident occurred, would often impose upon a city a liability for an accident when the city was not only free from negligence, but had used the utmost care to maintain its streets in a reasonably safe condition for public travel. ’ ’
 

 Attention may also be called to the cases of
 
 Borough of Du Bois
 
 v.
 
 Pancoast,
 
 (C. C. A.), 218 F., 60, and
 
 Bryan
 
 v.
 
 Barber Asphalt Co.,
 
 289 Pa., 123, 137 A., 169.
 

 Entertaining the view that the doctrine of
 
 res ipsa loquitur
 
 is inapplicable under this record, it is unnecessary to discuss other questions, and it becomes our duty to reverse the Court of Appeals and affirm the judgment of the court of common pleas.
 

 Judgment of the Court of Appeals reversed and judgment of the common pleas court affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Kobinson, JJ., concur.