Gordish et al., Appellants, *v.* Steffinina.

Argued October 5, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

284

*Edward J. Harkins,* of *Scanlon & Harkins,* for appellants.

*Robt. M. Fisher,* with him *W. M. Ruddock,* for appellee.

PER CURIAM, November 28, 1932:

This was an action of trespass to recover damages for the death of plaintiff's husband from injuries received in an accident which occurred while decedent was riding as a guest in an automobile driven by defendant. The jury's verdict was for defendant, and upon the refusal of the lower court to award a new trial, plaintiff appealed.

The evidence discloses that the car driven by defendant plunged down a steep embankment and into a stream at a point where a new bridge was under construction on the state highway between the villages of Shelocta in Indiana County and South Bend in Armstrong County. The accident happened between ten and eleven o'clock on a dark night. Defendant was not familiar with the road and was driving his car at a moderate rate of speed.

There was neither warning light in front of the partially constructed bridge nor barricade or other obstruction across the road. The only indications of the dangerous situation were a detour sign placed approximately a quarter of a mile away, another sign nearer the place of accident which read, "Pavement ends 300 feet ahead," and a red reflector 50 or 60 feet from the end of the road. There was uncertainty as to whether this final warning sign was erected so as to properly reflect the lights of an approaching vehicle.

Under these circumstances, the question as to defendant's negligence was for the jury and was left to them under proper instructions: Filer v. Filer, 301 Pa. 461, 465. The award of a new trial rested within the sound discretion of the lower court and the record discloses no abuse of that discretion: Rose v. Adelphia Hotel, 300 Pa. 1.

Judgment affirmed at appellants' cost.