## Jeney et al. v. National Cash Register Company

Before Marshall, Smart and Adams, JJ.

*Evans, Ivory & Evans,* for plaintiffs.

*Dalzell, Pringle, Bredin & Martin,* for defendant.

ADAMS, J., August 18, 1953.—In actions by husband and wife for personal injuries to the wife allegedly caused by the negligence of defendant, wife plaintiff received a verdict for $400 and the verdict was for defendant as against husband plaintiff. Defendant filed a motion for judgment n. o. v., asserting that the evidence doesn't justify a finding that defendant was negligent. Plaintiff filed a motion for a new trial claiming that the verdict for wife plaintiff is inadequate and that the trial judge erred in rejecting testimony offered by plaintiffs as res gestae.

Defendant installed an electrically operated cash register in the bar of a social club. Husband plaintiff was the bartender. The wife customarily substituted for him when he went to dinner. During one of these relief periods wife plaintiff was about to ring up a sale. She touched the metal exterior of the register. Her other hand was on the metal part of the bar counter. An electric shock knocked her to the floor.

In accordance with the pleadings and contentions of the parties a verdict for plaintiffs required findings, inter alia, (1) that, at the time of installation, there was a defect in the register which made it unreasonably dangerous for use, and (2) that this defect could have been discovered by defendant's exercise of reasonable care to inspect before installation. On the motion for judgment n. o. v., defendant argues that the evidence does not justify the jury's affirmative finding on either of these issues. The validity of these contentions is to be determined from the evidence viewed in the light most favorable to plaintiff.

Defendant installed the register for use while defendant took the club register to defendant's shop for repair. The newly installed register was used by plaintiffs (husband and wife) for two or three weeks without mishap. Then, one day, plaintiff husband rang up a sale, touching the metal shell of the register while his other hand was in contact with the metal bar

counter. He experienced an electric shock. The wife plaintiff did not witness this occurrence. Her husband did not tell her about it. A few days later, on December 9, 1949, wife plaintiff had the same experience, fell and was injured.

An engineer (electrical expert) came to the club on December 23, 1949. He placed each of two ends of a volt-meter in contact with the shell of the register and the metal bar counter. Nearly 110 volts of electric current (110 volts was the normal current in the wires serving the building) registered on the meter. This test showed, he said, that the current from the normally charged wires and parts of the register was in some manner (unspecified) passing into the metal shell of the register.

One witness for defendant tested the register for shell current after the alleged experiences of plaintiffs and before the tests were made by plaintiffs' expert. He testified that there was no current in the shell. After the test by plaintiffs' expert the register was taken to defendant's shop. According to testimony for defendant, the register was tested for current in the shell and was subjected to interior examination. The shell was free of current and the interior was free of defects.

Disregarding all the evidence favorable to defendant we still must hold that a finding of defect in the register when installed is not supported by the evidence. There was current in the shell after it had been used by plaintiff two or three weeks, during which period the register was not at all under the control of defendants. The register had been in the custody and control of plaintiffs continuously for four or five weeks at the time their expert witness assertedly found that there was some undefined connection between the electrical parts and the shell of the register. These facts cannot support the conclusion that a defect

existed in the register when it was installed. And, certainly, it cannot be said that there then existed the kind of a defect that a reasonable inspection would have disclosed.

This is not a case of res ipsa loquitor. The exclusive control doctrine is not applicable. The proof is insufficient to establish negligence. The motion for judgment n. o. v. will be granted. See Semensky v. Pennsylvania Railroad Company et al., 156 Pa. Superior Ct. 555 (1945).

If defendant's negligence had been established we would reject defendant's contention that it was not the proximate cause of wife plaintiff's injury. This contention is based on the fact (necessarily determined by the verdict against the husband and the verdict for the wife) that the husband was contributorily negligent in failing to inform his wife of his discovery that the register was charged. It is argued that the rule of Kline et al. v. Moyer et al., 325 Pa. 357 (1937) should be applied. We think that the husband's conduct was not such "an independent act of negligence" as is contemplated by that rule. See Diehl v. Fidelity-Philadelphia Trust Company, et al., 159 Pa. Superior Ct. 513 (1946); Heichel v. Lima-Hamilton Corp., 98 F. Supp. 232, 239 (1951). It is to be noted also that the degree of causal connection that defeats a claim on the ground of contributory negligence may be something less than the causal relation necessary to liability for negligence.

Entry of judgment for defendant makes it unnecessary to consider at length plaintiffs' motion for a new trial. It is sufficient to say that the rejection of testimony offered as res gestae could not have harmed plaintiffs. Its purpose was to establish liability and the verdict on that issue was for plaintiff. Nor was the verdict inadequate. The only element for which the wife plaintiff might have recovered was

pain, suffering and inconvenience. The extent of the pain and suffering, a matter of credibility of witnesses, was for the jury. Their conclusion cannot be justly termed arbitrary.

For the reasons stated plaintiffs' motion for a new trial will be refused and defendant's motion for judgment n. o. v. will be granted.