William **LEGGIERI**

v.

**PHILADELPHIA COCA COLA BOTTLING COMPANY.**

No. 21756.

United States District Court
E. D. Pennsylvania.
April 8, 1959.

Albert C. Gekoski, Philadelphia, Pa., for plaintiff.

Theodore Voorhees, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Plaintiff brought this action to recover damages for personal injuries sustained as he was opening a bottle of Coca-Cola prepared and bottled by the defendant. It is plaintiff's contention that the bottle was defective in that a particle of glass had been chipped out of the outer lip in the neck of the bottle, and that defendant was negligent, inter alia, in failing to make a reasonable inspection of the bottle before placing it on the market.

The case was tried to a jury and resulted in a verdict for the defendant.

Plaintiff's motion for a new trial is based entirely on the contention that the trial judge erred in affirming defendant's 5th point for charge as follows: "The bottle which caused the plaintiff's injury was not within the possession or exclusive control of the defendant and defendant is not obliged to furnish an explanation of how the accident happened."

The contention is wholly devoid of merit. The doctrine of exclusive control is not applicable where the defendant has not exclusive control of the injury-causing device at the time of the accident. Zahniser v. Pennsylvania Torpedo Co., 1899, 190 Pa. 350, 42 A. 707; Fitzpatrick v. Penfield, 1920, 267 Pa. 564, 109 A. 653; Rose v. Adelphia Hotel, 1930, 300 Pa. 1, 149 A. 644; Ambrose v. Western Maryland Ry. Co., 1951, 368 Pa. 1, 81 A.2d 895; Semensky v. Pennsylvania Railroad Co., 1945, 156 Pa. Super. 555, 41 A.2d 217. The evidence is conclusive that the defendant had not exclusive control of the bottle at the time of the accident. Plaintiff's own proofs establish that defendant delivered the Coca-Cola to the retail distributor, who, in turn, later delivered it to its customer, the plaintiff's host, the day before the accident, and that the plaintiff sustained his injuries while he was removing the cap from the bottle with a metal opener. As stated by the Supreme Court of Pennsylvania in Coralnick v. Abbotts Dairies, Inc., 1940, 337 Pa. 344, 345, 11 A.2d 143, 144, "There being causes apparent, other than those within defendant's control, to which the accident might with equal fairness be attributed, the doctrine of res ipsa loquitur does not apply".

The defendant did not manufacture the bottle nor warrant that it was free from defects. The limit of its duty was to provide against defects discernible upon reasonable inspection and to handle the bottles with reasonable care. Coralnick v. Abbotts Dairies, Inc., supra. Whether or not defendant discharged that duty was, under the evidence, clearly a question for the jury.

### Order.

Now, April 8th, 1959, after careful review and consideration of the evidence and the applicable principles of law, together with the oral and written arguments, it is ordered that plaintiff's motion for a new trial be, and it is, denied.